**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 98-4603

FRED USI,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
J. Frederick Motz, Chief District Judge.
(CR-97-334)

Submitted: January 29, 1999

Decided: April 9, 1999

Before NIEMEYER, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Alan R.L. Bussard, Towson, Maryland, for Appellant. Lynne A. Bat-
taglia, United States Attorney, Angela R. White, Assistant United
States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Fred Onos Usi was convicted pursuant to his guilty plea of one count of conspiracy to distribute and possession with intent to distribute heroin. On appeal he alleges that the district court erred by not granting him a downward adjustment for being a minor participant under USSG § 3B1.2(b).[1] Finding no error, we affirm.

As part of a reverse sting operation, government agents arranged to sell one kilogram of heroin to a drug dealer in Chicago. The dealer advised the agents that he would provide a courier who would fly into Baltimore to pick up the drugs, swallow them, and return to Chicago the next day. Usi arrived as scheduled and met with an undercover agent. Usi advised the agent that he needed to buy smuggling materials, which he listed, before he took possession of the heroin. Usi also told the agent that he could swallow the full kilogram, stated that he had previously smuggled drugs by swallowing them, and expressed knowledge of the dealer's operation. The following day, Usi spent three hours showing two undercover agents the proper methods for packaging the drugs for smuggling. Usi was arrested shortly after he took possession of the heroin. Usi made a full confession, during which he admitted that he would be paid for $5,000 for his services.[2]

Usi bore the burden of showing that he was entitled to a reduction in his base offense level, and the district court's factual determination concerning his role in the offense will only be reversed if it was clearly erroneous. See United States v. Campbell , 935 F.2d 39, 46 (4th Cir. 1991). We find that the record supports the district court's decision to deny Usi's request for a downward adjustment. It is well-settled that courier status alone is insufficient to warrant the adjustment. See United States v. Gordon, 895 F.3d 932, 935 (4th Cir. 1990). In the present case, the record shows that Usi was a sophisticated cou-

_____

[1] **U.S. Sentencing Guidelines Manual** (1997).

[2] Although the district court stated that Usi admitted to being paid $85,000, the record shows that this was merely a misstatement. The Government stipulated at trial that the actual amount was $5,000, and this amount is also reflected in the plea agreement.

2

rier who was not only highly skilled in smuggling operations, but was confident enough in his abilities to "teach" his methods to undercover agents. Usi showed a significant amount of knowledge of the dealer's activities, and was being paid a considerable sum of money for his services.

Accordingly, we affirm Usi's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

AFFIRMED

3